[J-6-2019] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 21 EAP 2018 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered on January 3, 2018 at |
| | : | No. 3572 EDA 2016 affirming the |
| v. | : | Judgment of Sentence entered on |
| | : | October 27, 2016 in the Court of |
| | : | Common Pleas, Philadelphia County, |
| DARNELL FOSTER, | : | Criminal Division at No. CP-51-CR- |
| | : | 0005272-2015. |
| Appellant | : | |
| | : | ARGUED:  March 5, 2019 |

## CONCURRING OPINION

**JUSTICE TODD**                                        **DECIDED:  August 20, 2019**

Appellant's postings are the antithesis of those of an individual who has reflected on his past wrongs, is eschewing criminal conduct, and is striving to lead a law-abiding life.  In fact, they demonstrate an utter disdain for the criminal justice system and flout the authority of the trial judge.  Nevertheless, in light of the plain and unambiguous statutory language of the Sentencing Code, as cogently analyzed by the majority, I am constrained to agree that Appellant is entitled to relief.  I therefore join the Majority Opinion.

Probation, by its nature, is a form of lenity in criminal sentencing.  *Commonwealth v. Hall*, 80 A.3d 1204, 1216 (Pa. 2013).  Sentencing judges have broad discretion in imposing reasonable conditions of probation designed to serve rehabilitative goals, including the "recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of future law-abiding conduct."  *Id.* at 1215.  In essence, probation is the penal system's attempt to provide one convicted of a crime an opportunity to change his

or her ways for the better and to become a productive member of society outside of incarceration.

While on probation, after pleading guilty to possessing a controlled substance with intent to deliver (heroin), Appellant posted various images on his social media accounts, including, Percocet pills formed to spell "F*CK YOU," with Appellant's notation "call_me_drama_F*uck you #perklife flatline_nizzy;" a bag of marijuana; Appellant's ankle monitor with the notation "This sh*t is so corny;" a semi-automatic pistol with two wads of money; and Appellant's guilty plea agreement with the caption "Couldn't [sic] beat the case 4 years probation." Commonwealth's Brief, Exhibit A. Such postings contrast starkly with what would be expected of an individual who has been shown lenity by our criminal justice system.

The Sentencing Code, as enacted by the legislature, however, is written in very limiting terms: "The court shall attach such of the reasonable conditions *authorized by subsection (c)* of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life." 42 Pa.C.S. § 9754(b) (emphasis added). Subsection (c), in turn, enumerates only 14 discrete conditions. *Id.* § 9754(c)(1)-(14). Further, the court may revoke an order of probation only "upon proof of the violation of specified conditions of the prohibition." *Id.* § 9771(b). Based upon this clear statutory language, as well as the tenet that penal provisions of a statute shall be strictly construed, 1 Pa.C.S. § 1928(b)(1), Appellant violated no express condition of probation, and there can be no inherent, inferential, or implicit conditions of probation that would otherwise prohibit his postings.

However, I point out that a sentencing court "may *at any time* terminate continued supervision or lessen or *increase the conditions upon which an order of probation has been imposed.*" 42 Pa.C.S. § 9771(a) (emphasis added). In turn, subsection 9754(c)(13),

which is written as a broad catchall provision, authorizes imposing "any" other conditions of probation that are reasonably related to the convict's rehabilitation, so long as they are not "unduly restrictive" of the convict's constitutional rights of liberty or conscience. *Id.* § 9754(c)(13); *Hall*, 80 A.3d at 1213. Thus, in my view, particularly when a sentencing judge becomes aware of a probationer's offensive and inappropriate postings, such as the ones before us, the judge has the discretion under 42 Pa.C.S. §§ 9771(a) and 9754(c)(13) to restrict the probationer's social media postings so as to curtail behavior that is manifestly inconsistent with the rehabilitative goals of probation, such as those that deny or reject past wrongs, that embrace future criminal behavior, or that contain expressions inconsistent with a law-abiding life.

Justice Mundy joins this concurring opinion.